UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE J. HARRIS #292201,

        Plaintiff,                                 Hon. Paul L. Maloney

v.                                          Case No. 1:25-cv-501

UNKNOWN PARTY #1 et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before me on Defendants Simon and Richardson's Motion for Summary Judgment asserting the affirmative defense of failure to exhaust. (ECF No. 17.) Plaintiff has failed to respond to the motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c).[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **grant** the motion, **dismiss** Plaintiff's remaining claims **without prejudice** for lack of exhaustion, and terminate this action.

Plaintiff, who is currently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF), filed a complaint against several MDOC employees on May 1, 2025, alleging claims pursuant to 42 U.S.C. § 1983 based on events that occurred at ICF in January 2025. Following the Court's initial review pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c), Plaintiff's remaining claims are his Eighth

---

[1] Although Plaintiff is proceeding pro se, he is still expected to comply with the applicable court rules. *See Strohmeyer v. Chase Bank USA, N.A.*, No. 3:17-cv-443, 2018 WL 2669991, at *2 (E.D. Tenn. June 4, 2018) ("It is correct that pro se parties are expected to comply with the rules of procedure just as parties represented by counsel must do."); *Jones v. Graley,* No. 2:05-cv-773, 2006 WL 1697637, at *1 (S.D. Ohio June 20, 2006) (although federal courts have treated pro se litigants more leniently, they "are still expected to comply with the procedural rules of the court").

Amendment failure-to-protect claims against Defendants Simon and Richardson. (ECF No. 9 at PageID.87.)

In his complaint, Plaintiff alleges that on an unidentified date, he informed Defendant Simon that he was being threatened "by many gang members" and requested to be moved to protective custody. (ECF No. 1 at PageID.3.) However, Defendant Simon denied Plaintiff's request. (*Id.*) On January 1, 2025, Plaintiff was using the B-Wing J-Pay machine when a non-party prisoner attacked Plaintiff, stabbing him multiple times. (*Id.*) Plaintiff alleges that, although he yelled for help, Defendant Richardson observed Plaintiff being stabbed for three-to-four minutes before calling for help. (*Id.* at PageID.3–4.) Plaintiff claims that ICF is "well under staffed [sic]" and that "the stabbing could have been avoided had there been adequate staffing." (*Id.* at PageID.4.)

Defendants Simon and Richardson now move for summary judgment based on Plaintiff's failure to exhaust his administrative remedies on his claims against them.

Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)). In addition, because failure to exhaust is an affirmative defense upon which a defendant bears the burden of proof, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), the Court must ensure that "no reasonable trier of fact could find other than for [Defendants]." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

The Supreme Court has held that a prisoner properly exhausts a claim for purposes of 42 U.S.C. § 1997e(a) by complying with the prison's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Jones*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones*, 549 U.S. at 218. A prisoner incarcerated with the MDOC must "pursue a grievance through all three steps of the grievance process [set forth in MDOC Policy Directive 03.02.130]." *Weatherspoon v. Strahan*, No. 18-2210, 2019 WL 5306842, at *1 (6th Cir. June 4, 2019). This process must be completed at all levels prior to filing an action in federal court. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

In support of their motion, Defendants attach a Step III Grievance Report for Plaintiff dated July 21, 2025, which shows Plaintiff's grievance activity at ICF prior to the date of the Step III report. (ECF No. 18-3.) The Step III report shows that Plaintiff exhausted one grievance through Step III relevant to the events at issue in this matter. In that grievance, Grievance No. ICF-25-01-23-3B, Plaintiff named Defendant Simon and others but not Defendant Richardson. He alleged that he was "stabbed in the head due to inadequate staff in Unit-5 on [his] way back from B-wing JPay room[.]" (ECF No. 18-3 at PageID.140.)

Grievance No. ICF-25-01-23-3B did not exhaust Plaintiff's claim against Defendant Richardson because Plaintiff did not identify him in the grievance as required by the MDOC grievance policy. *See Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009) (affirming dismissal for lack of exhaustion where the plaintiff failed to comply with MDOC Policy Directive 03.02.130's explicit requirement that he name in the grievance each person against whom the grievance was directed); *Moorer v. Price*, 83 F. App'x 770, 772 (6th Cir. 2003) (holding that the

3

plaintiff did not properly exhaust his claim against the warden because he did not identify her in the grievance and did not articulate any claim against her); *Sanders v. Bachus*, No. 1:07-cv-360, 2009 WL 4796739, at *5 (W.D. Mich. Dec. 9, 2009) ("[T]his grievance did not name Defendant Schilling. Therefore, even if it had been properly filed, it would not have sufficed to exhaust Plaintiff's administrative remedies as to Defendant Schilling.").

Although the grievance names Defendant Simon, it did not exhaust Plaintiff's failure-to-protect claim against him because nothing in the grievance would have alerted prison officials that Plaintiff was asserting that Defendant Simon failed to protect him from the attack. Rather, Plaintiff asserted a general complaint about inadequate staffing in Unit-5, which is not a claim in this case. Defendants are thus entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, I recommend that the Court **grant** Defendants' motion for summary judgment (ECF No. 17), **dismiss without prejudice** Plaintiff's claims against them, and terminate this matter.

Dated: January 21, 2026

  /s/ Sally J. Berens  
SALLY J. BERENS  
U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

4